IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| COLBY L. BEAL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>OUTFIELD BREW HOUSE, LLC, D/B/A BUDWEISER BREW HOUSE<br><br>Defendant. | Case No. 2:18-cv-4028 |

**DECLARATION OF ERIC COHEN IN SUPPORT OF DEFENDANT'S BILL OF COSTS**

I, Eric Cohen, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the manager of the Litigation & Regulatory Discovery Services Department ("LRDS") at the law firm of Kelley Drye & Warren LLP ("Kelley Drye"). LRDS is tasked with, among other things, the analysis and management of e-discovery and electronically stored information ("ESI") for all of Kelley Drye's litigation matters, including this litigation. I make this declaration in support of Defendant Outfield Brew House, LLC, d/b/a Budweiser Brew House LLC ("Brew House") Bill of Costs.

2. LRDS is comprised of project managers and specialists who report directly to me. I have been the manager of LRDS at Kelley Drye for over two years. Prior to this position, I was a project manager at Kelley Drye for over three years. Prior to starting at Kelley Drye, I had approximately six years of experience with e-discovery, including but

1

not limited to the collection, processing and production of ESI, in state and Federal litigations throughout the United States.

***Background on Kelley Drye's Vendors***

3. Kelley Drye utilizes the services of two outside e-discovery vendors, KLDiscovery ("KLD") and TransPerfect (collectively, the "Vendors"), in connection with the collection, processing, hosting and preparing for production of its litigation clients' ESI. The Vendors are international companies and recognized leaders in the e-discovery industry. One of LRDS' responsibilities includes interfacing directly with the Vendors on a regular basis and overseeing their work for Kelly Drye. The Vendors were involved in the collection, processing, hosting and preparing for production of Brew House's ESI in this litigation with LRDS' oversight and I was personally involved and have personal knowledge regarding this project.

4. It is my understanding that Brew House is filing a bill of costs to recover certain costs incurred in connection with the copying and production of ESI during discovery. Some of this work was performed by the Vendors. I have reviewed the invoices submitted by the Vendors and understand and am familiar with the work that was performed by the Vendors in connection with these invoices.

***The Bill of Costs Only Includes Discovery Related Fees Incurred in Connection with Copying Documents and Converting to a Readable Format for Productions***

5. During discovery in this matter, KLD collected approximately 598,000 electronic documents, consisting primarily of emails and attachments thereto, for processing, hosting and production in connection with this litigation in order to respond to Plaintiff's discovery requests. KLD bills on a per-gigabyte production basis, with

2

additional fees charged for technician time incurred in certain projects. This technician time is recorded with work orders logged in a spreadsheet. In this matter, Brew House is only seeking to recover certain costs incurred in connection with collecting, converting, and processing the ESI for production. KLD charged Brew House $1,675.00 in fees for these services. Brew House is not claiming the majority of costs arising out of e-discovery, including aggregated production costs (creating the set, imaging, bates stamping), monthly hosting charges, user access fees, and technical support fees, which, together with taxable costs, totals $23,104.28.

6. Further, during discovery in this matter, TransPerfect collected and scanned 1,094 physical paper cards that were responsive to Plaintiff's discovery requests in this matter. Brew House is seeking to recover for fees incurred in connection with scanning these cards and the work TransPerfect performed to convert these hardcopy cards into a readable digital format by creating and populating metadata related to these cards from the information contained in each of the different cells on each of the cards for production, which is a total of $1,379.01. Brew House is not seeking to recover additional costs it incurred for Optical Character Recognition that TransPerfect ran on the scanned images, a process that allows for text-based searching of the cards' content. Brew House has apportioned the tax between these services and is only claiming the tax related to the taxable costs.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: New York, New York
March 4, 2020

_____
ERIC COHEN