## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

COLBY L. BEAL individually and
on behalf of all others similarly situated,

*Plaintiff*,

vs.

OUTFIELD BREW HOUSE, LLC
d/b/a BUDWEISER BREW HOUSE

*Defendant*.

Case No.: 2:18-cv-4028

Hon. M. Douglas Harpool

## PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S BILL OF COSTS

Plaintiff Colby L. Beal ("Beal") respectfully submits his Suggestions in Opposition to Defendant Outfield Brew House, LLC d/b/a Budweiser Brew House's Bill of Costs. (Dkt. 254.) Brew House seeks repayment of $14,452.06, which includes $6,887.23 for a number of charges that are not taxable under 28 U.S.C. § 1920, including: (i) transcript preparation costs that Defendant never actually incurred or paid, along with costs for expedited delivery of such transcripts; (ii) e-discovery costs paid by Defendant for tasks such as technical support, labor charges, and document scanning; (iii) costs the Court previously ordered the parties to split equally pursuant to Fed. R. Civ. P. 53, (*see* Dkt. 124); and (iv) costs for videotaped depositions that were "purely investigative" or otherwise unnecessary.

For the following reasons, Plaintiff objects to a total of $6,887.23 in costs and requests that the Court determine that such costs are not taxable.

1.      While a prevailing party may be entitled to costs other than attorneys' fees under Fed. R. Civ. P. 54(d)(1), this is not without limitation. 28 U.S.C. § 1920 "imposes rigid controls on cost-shifting in federal courts, and absent explicit statutory or contractual authorization for the

taxation of the expenses . . . , federal courts are bound by the limitations set out in [S]ection 1920." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotations omitted). "Section 1920 limits a court's power to tax costs to the items enumerated in § 1920. . . . [and] '[c]osts' are construed narrowly under the statute." *Hardy v. City of Kan. City*, No. 4:19-CV-00237-DGK, 2020 U.S. Dist. LEXIS 41720, at **1-2 (W.D. Mo. Mar. 10, 2020) (citing *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012)). "[W]hether to award costs ultimately lies within the sound discretion of the district court." *Lochridge v. Lindsey Mgmt. Co.*, 824 F.3d 780, 783 (8th Cir. 2016) (internal citations omitted). Several expenses for which Defendant seeks repayment are outside the bounds of Section 1920 and should not be taxed to Beal.

2.    First, Beal objects to the inclusion of a host of transcript-related charges in Defendant's Bill of Costs. Defendant fails to account for transcription discounts that were applied by the vendor that lowered the total Defendant actually paid to obtain transcripts. As the receipts that Defendant submitted show, Alaris Litigation Services ("Alaris") credited Defendant in four "Go Green" discounts that reduced the per-page costs for the transcripts of Kellie Rush ($16.48), Steve Klingbeil ($6.89), Dana Biffar ($21.89), and Montana Asher ($8.61) by a total of $53.87. (*See* dkt. 254-3 at 3–4.) As Defendant never actually incurred this sum, Plaintiff objects to Defendant's inclusion of the discounted amounts as taxable "costs." Section 1920 does not authorize the taxation of "costs" that a party never incurred or paid.

3.    Defendant further seeks to tax expedited transcript-delivery costs that are not permissible. "[T]he cost of expediting a transcript is not taxable . . . . [it] is like a delivery expense; it is an expense that is associated with a deposition but is not covered by § 1920." *Kirk v. Schaeffler Grp. USA, Inc.*, No. 3:13-cv-5032-DGK, 2016 U.S. Dist. LEXIS 188524, at **9–10

(W.D. Mo. July 26, 2016 (citing *Taniguchi*, 566 U.S. at 573); *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (holding that additional costs associated with the deposition such as shipping and handling expenses are not compensable under § 1920). Nevertheless, Defendant includes $1,532.30 in charges associated with the expedited delivery of several transcripts in its Bill of Costs.[1] These expedited "delivery expense[s]" should be deducted from the Defendant's request. *Kirk*, 2016 U.S. Dist. LEXIS 188524, at **9-10.

4.      Defendant also requests that Beal repay $368.30 for transcripts that it ordered from two conferences with the Court in June 26, 2018 and November 13, 2018. Section 1920 only authorizes taxation of costs for "transcripts *necessarily obtained* for use in the case." 28 U.S.C. § 1920(2) (emphasis added). Defendant simply states that these hearing transcripts "were ordered in preparation for motion practice," (Dkt. 254-1, ¶ 9), but never explains why the transcripts were "necessarily obtained." Transcripts from these dates were never used nor referenced in connection with any motion, demonstrating they were not "necessary" to the "motion practice" they were purportedly "ordered in preparation for." Even if the Court found these transcripts were "necessarily obtained for use in the case," $112.80 in expedited transcript

---

[1]      Defendant's Bill of Costs includes expedited delivery costs for eight deposition transcripts, including an additional $268 for the Rush transcript, $112 for the Klingbeil transcript, $356 for the Biffar transcript, $140 for the Asher transcript, and $102 for the transcript of Olivia Ricci. (*See* dkt. 254-3 at 1–4, 9. Dr. Shamos' transcript was also expedited at a rate of $6.25 per page—$1.75 more than Alaris' standard delivery rates. (Mar. 16, 2020 Alaris Email, attached as Exhibit A (confirming Defendant requested expedited delivery of Dr. Shamos' transcript, and stating rates).) The transcript was also subject to a $2.70 charge for "Realtime and Rough" versions of the same transcript. (Dkt. 254-3 p. 7.) In total, the non-taxable transcript-delivery costs associated with Dr. Shamos add up to $363.20 ((206 pages x $1.75 additional per-page charges) + $2.70 for "Realtime and Rough" charges.) Defendant also requested next-day expedited delivery of the transcripts of Blake Miller and Benjamin Rodriguez at a rate of $2.80 per page—$0.70 more than Court Reporter Exchange's ("CRE") standard delivery rates. (Mar. 19, 2020 CRE Email, attached as Exhibit B (confirming Defendant requested expedited delivery of the Miller and Rodriguez transcripts, and confirming rates).) In total, the non-taxable transcript-delivery costs associated with Miller and Rodriguez add up to $191.10 (273 pages x $0.70 additional per-page charges.)

delivery costs should be deducted from the Bill of Costs for the reasons described above, and because there was clearly no need to obtain them on an expedited basis seeing as they were never used for any purpose.[2]

5.      Second, Beal objects to Defendant's attempt to tax $3,054.01 in charges related to its e-discovery vendors. Specifically, Defendant seeks to tax charges it incurred from its e-discovery vendors for "Color Imaging," "Coding," "Tax Amount," "Hourly Collection Labor," and "Relativity Technical Support." (*See* Dkt. 254-4.) While Section 1920(4) authorizes the taxation of "[f]ees for exemplification and the costs of making copies," it does not authorize the taxation of costs from an e-discovery vendor for "Technical Support" or "Labor," and it does not authorize the taxation of costs from "consulting services for processing electronic documents and importing files into litigation support software; converting images … into an electronic document … [or] performing bates stamp labeling." *United States ex rel. Estate of Donegan v. Anesthesia Assocs. of Kan. City, PC*, No. 4:12-CV-0876-DGK, 2017 U.S. Dist. LEXIS 100569, at *7 (W.D. Mo. Jan. 12, 2017). Such costs "are not compensable post-*Taniguchi* [because t]hey are not copying or exemplification costs, and so are not recoverable under § 1920." *Id.* (internal citations omitted); *see also Kirk*, 2016 U.S. Dist. LEXIS 188524, at **14–15 ("[P]ost-*Taniguchi* the cost of scanning documents and converting them to electronic formats is not compensable … [because] they are not copying or exemplification costs."). As such, these expenses should be deducted from Defendant's Bill of Costs.

6.      Third, Beal objects to Defendant's inclusion of $178.75 in costs Defendant paid to the Special Master. Rule 53(g) authorizes the Court to fix a master's compensation and allocate

---

[2]      The June 26, 2018 transcript was charged $57.60 in expedited-delivery charges (24 pages x $2.40 additional per-page charges), while the November 21, 2018 transcript incurred $55.20 in expedited-delivery charges (46 pages x $1.20 additional per-page charges), for a total of $112.80. (*See* Mar. 16, 2020 Rapid Transcript Email, attached as Exhibit C.)

payment among the parties. Fed. R. Civ. P. 53(g). In this case, the Court ordered that the Special Master's fees be split equally. (Dkt. 124.) Defendant's inclusion of its portion of the Special Master's payment in its bill of costs appears to be an attempt to circumvent the Court's prior order and shoehorn the Special Master's fees into Section 1920's authorization of costs for "court appointed experts." Defendant makes no argument as to why the Court should revisit its prior Order, or why the Court's original analysis under Rule 53(g) now supports a finding that Beal must reimburse Defendant for its portion of the Special Master's fees. Beal submits that there is no basis to do either, and requests that this expense be subtracted from Defendant's Bill of Costs.

7.     Fourth, Beal objects to $1,700 in costs for videotaped depositions for which Defendant seeks reimbursement. Defendant decided to videotape Beal's deposition at a cost of $1,000, and to videotape the depositions David Stewart and David Shipman for $700. Defendant's decision to videotape Beal's deposition was unnecessary under Section 1920. Defendant "would have been able to test [Beal's] credibility at trial, and his video testimony by deposition was not necessary." *Marianist the United States v. City of Kirkwood*, No. 4:17-CV-805 RLW, 2020 U.S. Dist. LEXIS 18342, at *3 (E.D. Mo. Jan. 31, 2020). "Defendants merely made a tactical decision to record [Beal's] testimony by videography … [and] Defendant['s] strategic basis for video recording [Beal's] deposition does not provide a basis for recovery of videography costs under 28 U.S.C. §1920." In a similar vein, Defendant's depositions of David Shipman and David Stewart were "purely investigative" and not "necessary" under Section 1920. *See Jacobson Warehouse Co. v. Schnuck Mkts.*, No. 4:17-CV-00764 JAR, 2020 U.S. Dist. LEXIS 28965, at *8 (E.D. Mo. Feb. 20, 2020.) ("A district court has discretion to award costs if the deposition was not 'purely investigative,' . . . and 'reasonably seemed necessary at the time

they were taken' . . .") (citing *Smith v. Tenet Healthsystem SL, Inc*., 436 F.3d 879, 889 (8th Cir. 2006) and *Zotos v. Lindbergh School Dist*., 121 F.3d 356, 363 (8th Cir. 1997)). Plaintiff inadvertently identified these individuals. They actually attended a happy hour not even held at Defendant's bar—a fact Defendant knew. That the Shipman and Stewart depositions were purely investigative is apparent from the Special Master's order describing their potential relevance as only involving Beal's "memory of events from more than three years ago," and limiting the scope of these depositions to "the issues raised in Plaintiff's interrogatory responses as they relate to the three witnesses."[3] (Dkt. 138.) Beal submits these videotaped deposition costs should be excluded from Defendant's proposed Bill of Costs.

For the foregoing reasons, Plaintiff objects to a total amount of $6,887.23 in costs, including $53.87 in "Go Green" discounts which Defendant never incurred or paid; $368.30 in costs for unnecessary hearing transcripts, or, alternatively, $112.80 in expedited delivery costs for the hearing transcripts; $3,054.01 in charges from Defendant's e-discovery vendors for technical support, labor, document scanning, coding, etc.; $1,532.30 in expedited deposition transcript delivery costs; $178.75 for Defendant's portion of the Special Master's fees; and $1,700 in costs for videotaped depositions that were "purely investigative" or otherwise unnecessary. Plaintiff respectfully requests that the Court determine that such costs are not taxable under 28 U.S.C. § 1920.

---

[3] Beal's only mention of these two individuals was in response to a single Interrogatory, in which he mistakenly stated "I believe that Dave Shipman and Dave Stewart were also in attendance [during a November 2015 visit to Brew House]." (Dkt. 186-2 at 31, Plaintiff's Initial Responses to Defendant's Interrogatory No. 2.)

Dated: March 19, 2020

Respectfully submitted,

  /s/ Bill Kenney
William C. Kenney (Mo. Bar No. 63001)
**BILL KENNEY LAW FIRM, LLC**
1100 Main Street, Suite 1800
Kansas City, MO 64105
Telephone: (816) 842-2455
Facsimile: (816) 474-8899
*bkenney@billkenneylaw.com*

Benjamin H. Richman (*pro hac vice*)
Michael Ovca (*pro hac vice*)
**Edelson PC**
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
*brichman@edelson.com*
*sjanzen@edelson.com*
*movca@edelson.com*

Eve-Lynn J. Rapp (*pro hac vice*)
Brandt Silver-Korn (*pro hac vice*)
**Edelson PC**
123 Townsend Street, Suite 100
San Francisco, California 94107
Telephone: (415) 234-5262
Facsimile: (415) 373-9435
*erapp@edelson.com*
*bsilverkorn@edelson.com*

*Attorneys for Plaintiff and*
*all others similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2020, the foregoing document was electronically filed with the Court's Electronic Filing System and will be served electronically on all registered attorneys of record.

  /s/Bill Kenney
Bill Kenney