# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| COLBY L. BEAL individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Case No.: 2:18-cv-4028 |
| vs. | Hon. M. Douglas Harpool |
| OUTFIELD BREW HOUSE, LLC d/b/a BUDWEISER BREW HOUSE | |
| *Defendant*. | |

## PLAINTIFF'S REPLY SUGGESTIONS IN SUPPORT OF
## MOTION TO ALTER OR AMEND ORDER AND JUDGMENT

Pursuant to Federal Rules of Civil Procedure 52(b) and 59(e), Plaintiff Colby L. Beal moved the Court to alter or amend its Order and Judgment granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Class Certification to clarify the grounds for the Court's denial of class certification and to narrow the issues for any appeal. (Dkt. 255.) On March 23, 2020, Defendant submitted its response. (Dkt. 257 (the "Response").) For his Reply Suggestions in Support of his Motion, Plaintiff states as follows:

1. Defendant's Response highlights a single sentence from the Order granting Brew House's motion for summary judgment and denying Plaintiff's Motion for class certification: "Plaintiff cannot survive summary judgment and therefore Plaintiff's motion for class certification does not require further consideration." (Dkt. 252 (the "Order") at 12.) Defendant contends this sentence demonstrates the Order is clear that the Court "was not considering the motion for class certification and was therefore denying it because Plaintiff had no individual claim." (Response ¶¶ 2–3.) There are at least two problems with this cursory Response.

2. First, the sentence itself states that the "motion for class certification does not

1

require *further* consideration." (Order at 12 (emphasis added).) This indicates that there was some consideration of the motion. Nowhere in the Order did it state that the motion for class certification was being denied as moot. As Plaintiff pointed out, the Judgment itself is also silent as to whether the motion was denied as moot, simply stating that it was denied. (Dkt. 253.)

3. Second, Defendant creates a false equivalency between what it means to succeed on the merits and to succeed in certifying a class. These are different. When it comes to class certification, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). If the Court intended to deny Plaintiff's class certification "because Plaintiff had no individual claim," (Response ¶ 3), the Order and Judgment fail to address this intersection, and to explain how or why Plaintiff failed to meet Rule 23's requirements. (*See* Order at 12 ("For the reasons set forth herein, the Court grants summary judgment in favor of Defendants. As a result, Plaintiff's Motion for Class Certification [Dkt. 173] is denied.").)

4. The Order and Judgment are thus open to two competing interpretations. Either (i) the Court declined to consider Plaintiff's motion for class certification at all, in which case it was denied as moot; or (ii) the Court found Plaintiff's inability to succeed on the merits precluded class certification, but provided no explanation as to why this is the case. Plaintiff merely seeks clarification as to which interpretation is correct, as it will affect the relief he may seek from and/or be entitled to in the appellate court.

5. For these reasons, and as laid out further in Plaintiff's Motion, Plaintiff respectfully requests that the Court alter or amend its Order granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Class Certification (Dkts. 252, 253), to

reflect the grounds for the Court's denial of Plaintiff's Motion for Class Certification (Dkt. 173) or to specify whether the motion was denied as moot.

Dated: April 6, 2020

Respectfully submitted,

  /s/ Bill Kenney
William C. Kenney (Mo. Bar No. 63001)
**BILL KENNEY LAW FIRM, LLC**
1100 Main Street, Suite 1800
Kansas City, MO 64105
Telephone: (816) 842-2455
Facsimile: (816) 474-8899
*bkenney@billkenneylaw.com*

Benjamin H. Richman (*pro hac vice*)
Michael Ovca (*pro hac vice*)
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
*brichman@edelson.com*
*sjanzen@edelson.com*
*movca@edelson.com*

Eve-Lynn J. Rapp (*pro hac vice*)
Brandt Silver-Korn (*pro hac vice)*
**EDELSON PC**
123 Townsend Street, Suite 100
San Francisco, California 94107
Telephone: (415) 234-5262
Facsimile: (415) 373-9435
*erapp@edelson.com*
*bsilverkorn@edelson.com*

*Attorneys for Plaintiff and*
*all others similarly situated*

## CERTIFICATE OF SERVICE

  I hereby certify that on April 6, 2020, the foregoing document was electronically filed with the Court's Electronic Filing System and will be served electronically on all registered attorneys of record.

               */s/Bill Kenney*
               William C. Kenney